IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$5,282,495.03 SEIZED FROM FIDELITY BANK ACCOUNT X-0691; and $1,100,957.44 SEIZED FROM FIDELITY BANK ACCOUNT X-0878,<br><br>Defendants. | : | CIVIL ACTION<br><br>NO. |

**COMPLAINT FOR FORFEITURE**

Comes now the United States of America the Plaintiff in this matter, and shows the Court the following in support of this Complaint for Forfeiture:

1.

This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1345 and 1355.

2.

Venue is proper in this Court pursuant to 28 U.S.C. § 1395.

3.

On or about October 9, 2009, Agents of the United States Secret Service, Organized Fraud Task Force (USSS) seized $5,282,495.03 from Fidelity Bank Account Number X-0691 and $1,100,957.44 from Fidelity Bank Account Number X-0878 (collectively, the "Defendant Funds"), pursuant to seizure warrants

issued by the Honorable Magistrate Judge E. Clayton Scofield, III, of the Northern District of Georgia.

4.

The accounts maintained at Fidelity Bank were within the jurisdiction and venue of this Court.  The Defendant Funds remain in the Northern District of Georgia.

5.

Title 18, United States Code, Section 1960 provides that "[w]hoever knowingly conducts, controls, manages, supervises, directs or owns all or part of an unlicensed money transmitting business, shall be fined . . . or imprisoned . . . or both."  18 U.S.C. § 1960(a).

6.

Title 18, United States Code, Section 1960 defines an "unlicensed money transmitting business" as one "which affects interstate or foreign commerce in any manner or degree and (A) is operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony under State law, whether or not the defendant knew that the operation was required to be licensed or that the operation was so punishable; (B) fails to comply with the money transmitting business registration requirements under section 5330 of title 31, United States Code, or regulations prescribed under such section;

or (C) otherwise involves the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense or are intended to be used to promote or support unlawful activity." 18 U.S.C. § 1960(b)(1).

7.

Title 18, United States Code, Section 1960 further defines "money transmitting" to include "transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier." 18 U.S.C. § 1960(b)(2).

8.

Pursuant to O.C.G.A. § 7-1-681 (2009), the State of Georgia requires a license with the Georgia Department of Banking and Finance (GDBF) in order to operate as a money transmitting business within the State. The licensing requirement also applies to a nonresident person or corporation that engages in Georgia in the business of money transmission through a branch, subsidiary, affiliate, or agent within Georgia. Failure to obtain such a license is a felony in Georgia. See O.C.G.A. § 7-1-845(a)(3)(D).

9.

In addition to registration with the State of Georgia, Title 31, United States Code, Section 5330 requires any person who owns or controls a money transmitting business to register that business

with the Secretary of the Treasury, through the Financial Crimes Enforcement Network (FinCEN). This registration requirement applies in addition to any State licenses that may be required. 31 U.S.C. § 5330(a)(3).

10.

A person or corporation acting as a money transmitting business in Georgia solely as an agent of another registered money transmitting business is not required to obtain a separate federal registration, (31 C.F.R. § 103.41(a)(2)) or state license (Georgia Department of Banking and Finance Reg. 80-3-1-.01(2)(a)(2)). However, if that person or corporation engages as a money transmitting business in Georgia both on its own behalf and as an agent for another registered money transmitting business, that person or corporation must register separately with both FinCEN and the State of Georgia. 31 C.F.R. § 103.41(a)(2).

11.

Registered money transmitting businesses must prepare and maintain a list identifying all agents acting on their behalf, in any State. Such listings must be provided to FinCEN or law enforcement upon request, and must be updated each January for the preceding 12 months. 31 C.F.R. § 103.41(d).

12.

Licensed money transmitting businesses operating through agents in the State of Georgia must also prepare and maintain a list identifying all agents acting on their behalf within the State of Georgia.  Such listing must initially be provided to the Georgia Department of Banking and Finance on the date the licensee begins business within the State of Georgia, and must be updated semi-annually.  Georgia Department of Banking and Finance Reg. 80-3-1-.01(2)(c).

13.

Furthermore, a money transmitting business acting in the State of Georgia either on its own behalf or as an agent for another licensed money transmitting business is required to display some indicia of its licensure on the business premises, whether in certificate or window decal form, that confirms its money transmissions are licensed by the State of Georgia.  Georgia Department of Banking and Finance Reg. 80-3-1-.01(3).

14.

Title 18, United States Code, Section 981(a)(1)(A) subjects to seizure and forfeiture any property involved in or traceable to a transaction or attempted transaction in violation of Title 18, United States Code, Section 1960.

15.

In October 2009, USSS Special Agent Anne Rothenburg obtained and reviewed bank and wire records maintained by Fidelity Bank for account numbers X-0691 and X-0878, held in the name of Premium Services, LLC, a Delaware corporation.

16.

According to the Secretary of State for the State of Delaware, Premium Services, LLC, was formed on June 22, 2009.

17.

According to the articles of incorporation for Premium Services, LLC, the initial member of the company is Stephane Manos.

18.

According to records of the Delaware Secretary of State, the registered agent of Premium Services, LLC, is Registered Agents, LTD, with an address of Suite 804, 1220 N. Market Street, Wilmington, Delaware 19801.

19.

Bank records indicate that on July 24, 2009, Fidelity Bank Account Number X-0691 was opened in the name of Premium Services, LLC, at the direction of Robert Keezer, with an initial deposit of $50.

20.

On Fidelity Bank's records, Robert Keezer is listed as the Manager of Premium Services, LLC.   The New Business Account Approval Form maintained by Fidelity Bank indicates that Premium Services, LLC, has three employees, a business address of 3482-215 Keith Bridge Road, Cumming, Georgia 30041 and performs "Corporate Services."   The New Business Account Approval Form also indicates that Premium Services, LLC, will not offer any services as a Money Transmitter nor will it remit funds to international entities or bill payments.

21.

Robert Keezer's signature appears on Premium Services, LLC's deposit agreement and Limited Liability Company Authorization Resolution, maintained by Fidelity Bank.

22.

The address listed on the Fidelity Bank records for Premium Services, LLC, 3482-215 Keith Bridge Road, Cumming, Georgia, is the address of "The Mail Room," which is a commercial mail services store.

23.

Premium Services, LLC, has no known office building, employees, or other business infrastructure.

24.

As detailed on the chart attached as Exhibit A, bank and wire records indicate that Premium Services, LLC, sent or received 67 wire transfers during the time period of August 7, 2009, to October 2, 2009.

25.

Other than the initial deposit opening the account, there were no cash or check deposits or withdrawals into or out of this account, as would be typical of a legitimate business operation.

26.

As shown in Exhibit A, from the time the account was opened on July 27, 2009, through October 2, 2009, less than three months, Premium Services, LLC, received $9,460,105.07 in wires from various sources, many of which originated overseas, in countries considered by law enforcement to be at high risk for money laundering activity, such as Israel.

27.

Further, in that same time period, as shown on Exhibit A, Premium Services, LLC, wired out $4,100,800.00 to various entities, both domestic and international.

28.

Also as shown on Exhibit A, Premium Services, LLC, transferred approximately $1,100,000.00 from Fidelity Bank Account Number X-

0691 to Fidelity Bank Account Number X-0878, also held in the name of Premium Services, LLC.

29.

The incoming and outgoing wires flowing through Premium Services, LLC's bank accounts at Fidelity Bank affect interstate or foreign commerce.

30.

Fidelity Bank records do not indicate that any payments were made to any employees of Premium Services, LLC, such as for salary or wages.

31.

Premium Services, LLC, was not registered with the Department of Treasury (FinCEN) as a money transmitting business as of September 29, 2009.

32.

Premium Services, LLC, was not licensed with the Georgia Department of Banking and Finance as a money transmitting business as of September 29, 2009.

33.

Premium Services, LLC, was not listed as an agent on any federal or State of Georgia agent listings maintained by registered money transmitting businesses.

34.

Since its business address is a commercial mailroom facility, Premium Services, LLC, did not display any indicia of money transmitting licensure, such as a certificate or window decal, on its business premises, as required by GDBF regulation.

35.

Premium Services, LLC operated an unlicensed money transmitting business in violation of Title 18, United States Code, Section 1960.

36.

Any and all funds contained in Fidelity Bank Account Number X-0691 and Fidelity Bank Account Number X-0878, including the Defendant Funds, are forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(A) as property involved in or traceable to a transaction or attempted transaction in violation of Title 18, United States Code, Section 1960.

WHEREFORE, the United States prays:

(1) That the Court forfeit the Defendant Funds to the United States of America;

(2) That the Court award the Plaintiff the costs of this action; and

(3) That the Court grant such other relief as the Court deems just and proper.

Respectfully submitted,

SALLY QUILLIAN YATES
ACTING UNITED STATES ATTORNEY

MARY F. KRUGER
SPECIAL ASSISTANT U.S. ATTORNEY
GEORGIA BAR NO.: 244607

600 U.S. COURTHOUSE
75 SPRING STREET, S.W.
ATLANTA, GEORGIA 30303
(404)581-6168
(404)581-6234 (Fax)
Mary.Kruger@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA, :
Plaintiff, :
v. :
$5,282,495.03 SEIZED FROM FIDELITY BANK ACCOUNT X0691; and $1,100,957.44 SEIZED FROM FIDELITY BANK ACCOUNT X0878, :
Defendants. :

CIVIL ACTION

NO.

**VERIFICATION OF COMPLAINT FOR FORFEITURE**

I, Anne V. Rothenburg, Special Agent with United States Secret Service, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 1 day of December, 2009.

ANNE V. ROTHENBURG
SPECIAL AGENT
UNITED STATES SECRET SERVICE