# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | :    CIVIL ACTION |
| Plaintiff, | : |
| | :    NO. 1:09-CV-3371-JEC |
| v. | : |
| | : |
| $5,282,495.03 SEIZED FROM FIDELITY BANK ACCOUNT X-0691; AND $1,100,957.44 SEIZED FROM FIDELITY BANK ACCOUNT X-0878, | : |
| | : |
| Defendants. | : |

## STIPULATION AND PROTECTIVE ORDER

WHEREAS, the United States is engaged in litigation with Mansef, Inc., and Premium Services, LLC (hereafter, collectively, "Claimants"), with respect to the civil forfeiture of funds contained within the Fidelity Bank accounts captioned above; and

WHEREAS, as part of that litigation, Claimants wish to take the depositions of certain employees of Fidelity Bank (hereafter "Fidelity") in early August 2010; and

WHEREAS, on or about May 25, 2010, Claimants served a subpoena on Fidelity requesting the personnel files of certain Fidelity employees; and

WHEREAS, in response to that subpoena, Fidelity objected on the grounds that disclosure of said files would involve the release of "confidential information;" and

WHEREAS, the United States, Claimants, and Fidelity have agreed that the depositions of the selected Fidelity employees will take place on August 2 and 3, 2010;

NOW, THEREFORE, it is hereby ORDERED:

1. This Order shall apply to all personnel files produced by Fidelity as a result of the subpoena issued by Claimants, pertaining to all Fidelity employees that will be deposed by either the United States or Claimants during the course of this civil forfeiture action. The information contained within those personnel files produced by Fidelity, hereafter referred to as "Confidential Material," shall be marked as "Confidential."

2. Confidential Material shall be maintained as confidential and shall not be used or disclosed for any purpose, except as provided herein or as otherwise may be required by law.

3. As to the Claimants, all persons who are granted access to Confidential Material must agree in writing to be bound by this Protective Order before receiving the Confidential Material, and shall execute an affidavit attesting such agreement, attached as Exhibit A to this Protective

Order. As to any person provided access to Confidential Material by the United States, this Protective Order must be attached to and remain with any such Confidential Material provided, and the United States will inform each such individual that the Confidential Material is subject to disclosure restrictions as described in this Protective Order.

4. If a portion of any pleading, motion, or other document filed with the Court by either the United States or Claimants contains Confidential Material, that portion shall be filed and kept under seal until further order of the Court. Testimony at any deposition or other proceeding regarding Confidential Material may also be designated as Confidential Material by making a statement to that effect on the record at the deposition or other proceeding. Any party eliciting testimony at any deposition or other proceeding regarding information or documents designated as Confidential Material shall make arrangements with the court reporter taking and transcribing the deposition or other proceeding to bind and label separately those portions of the transcripts containing the Confidential Material.

5. In the event of a request by a third party (excluding Congress, any agency of the United States, or any governmental body foreign or domestic) for disclosure of Confidential Material, the United States and Claimants will protect the documents or information from disclosure to the fullest extent

permitted by law. If a third party will be provided information, Fidelity will be given as much notice as is practicable prior to the disclosure of the Confidential Material to a third party who requests disclosure under any provision of law.

6. Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to disclose Confidential Material to persons whose assistance is required to conduct an investigation pertaining to this matter and any related proceeding, including but not limited to employees, agents, consultants, or prospective witnesses; provided, however, that any such person to whom Confidential Material is disclosed, excluding employees of the United States or employees of any governmental body foreign or domestic, first shall be advised of the terms of this Order, and the Order will be attached thereto.

7. Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, or to any governmental body, foreign or domestic, Confidential relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Order prevent or

in any way limit or impair the use of any such Confidential by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction. In the event such Confidential Material is provided by the United States to another agency or foreign government for a purpose other than this litigation, the United States will notify Fidelity of such disclosure.

8. Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to provide any document or information to the Congress pursuant to a Congressional request; provided, however, that the United States shall notify the Congressional entity requesting the documents that the Confidential Material has been produced pursuant to this Order.

9. Nothing contained in this Order shall preclude the United States or Claimants from contesting the designation of any information contained within the personnel files as Confidential. If the United States or Claimants intend to contest any information designated as Confidential, it shall notify Fidelity in writing at least ten business days prior to disclosing that document in any public proceeding or publicly filed document. Fidelity shall have the option to file a petition for a protective order with a court of competent jurisdiction demonstrating that there is good cause to designate

the information at issue as Confidential. If a timely petition for a protective order is filed, the document at issue will be treated as Confidential until a final, non-appealable order has been entered or until the time to appeal an order has expired.

10. The fact that Fidelity is producing the personnel files subpoenaed by Claimants in this matter shall not be used, offered or argued in any proceeding as a basis or reason why Fidelity shall be required to provide the same or similar documents to any other party, as constituting a waiver of any applicable privilege, or as constituting a waiver of the right to object to disclosure of other types of documents or information in this civil forfeiture action. However, the United States and Claimants shall retain the right to contest the assertion of any such privilege or objection by Fidelity.

11. At the close of the above-described investigation, all documents and information designated Confidential will be destroyed by the United States and Claimants unless Fidelity requests the return of the documents or information or they are to be used by any agency of the United States in any action of any kind; provided, however, that the United States Attorney's Office for the Northern District of Georgia and the United States Secret Service shall each have the right to maintain one copy of such documents for their Master Files, and such copy will have this Order attached thereto.

12. Any party who knowingly violates this Stipulation and Protective Order shall be subject to such penalties and/or damages, including attorney's fees and costs as the Court may deem to be appropriate under the circumstances, should the Court determine that the party has knowingly violated the terms of this Stipulation and Protective Order.

Dated this 30th day of July, 2010.

Counsel for Plaintiff:

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY
*/s/ Mary F. Kruger*
MARY F. KRUGER
ASSISTANT U.S. ATTORNEY
GEORGIA BAR NO. 244607
75 Spring Street, S.W.
Suite 600
Atlanta, Georgia 30303
(404) 581-6168
mary.kruger@usdoj.gov

Counsel for Premium Services:

| */s/ Mitchell S. Fuerst* | */s/ Lesli N. Gaither* |
|---|---|
| MITCHELL S. FUERST, ESQ. | LESLI N. GAITHER |
| ANDREW S. ITTLEMAN, ESQ. | DOW LOHNES PLLC |
| FUERST ITTLEMAN, PL | Six Concourse Parkway |
| 1001 Brickell Bay Drive | Suite 1800 |
| Suite 2002 | Atlanta, Georgia 30328 |
| Miami, Florida 33131 | (770) 901-8800 |
| (305) 350-5690 | lgaither@dowlohnes.com |
| aittleman@fuerstlaw.com | |

Counsel for Mansef, Inc.:

*/s/ Susan K. Ross*  
SUSAN K. ROSS, ESQ.  
MITCHELL SILBERBERG & KNUPP  
11377 W. Olympic Blvd.  
Los Angeles, CA  
(310) 312-3206  
skr@msk.com

*/s/ Kyle G. A. Wallace*  
KYLE G.A. WALLACE  
ALSTON & BIRD LLP  
1201 West Peachtree St.  
Atlanta, Georgia 30309  
(404) 881-7000  
kyle.wallace@alston.com

Counsel for Fidelity Bank:

*/s/ Lawrence S. Burnat*  
LAWRENCE S. BURNAT  
SCHREEDER, WHEELER & FLINT, LLP  
1100 Peachtree Street, Suite 800  
Atlanta, Georgia 30309  
(404) 681-3450  
lburnat@SWFLLP.com

SO ORDERED, this ___ day of _____, 2010.

_____  
JULIE E. CARNES  
United States District Judge  
Northern District of Georgia

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, of _____ declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order that was issued by the United States District Court for the Northern District of Georgia in the case of United States. v. $5,282,495.03 et al., Civil Action No. 1:09-CV-3371-JEC. I agree to comply with and to be bound by all the terms of this Stipulation and Protective Order. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any matter any information that is subject to this Stipulation and Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction and venue of the United States District Court for the Northern District of Georgia for the purpose of enforcing the terms of this Stipulation and Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby agree that I may receive and will accept all notices of proceedings to enforce the terms of the Stipulation and Protective Order by certified mail.

Date: _____

City and State where sworn and signed: _____

Print Name: _____

Signature: _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 1:09-CV-3371-JEC |
| | : | |
| $5,282,495.03 SEIZED FROM FIDELITY BANK ACCOUNT X-0691; and $1,100,957.44 SEIZED FROM FIDELITY BANK ACCOUNT X-078 | : | |
| | : | |
| Defendants. | : | |

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

I hereby certify that the foregoing was prepared in Times New Roman 14 point font, double-spaced, with a top margin of not less than 1.5 inches and a left margin of not less than 1 inch.

This 30th day of July, 2010.

*/s/Lesli N. Gaither*
Lesli N. Gaither
Georgia Bar No. 621501
DOW LOHNES PLLC
Six Concourse Parkway
Suite 1800
Atlanta, Georgia 30328
Telephone: (770) 901-8800
Facsimile: (770) 901-8824

# **CERTIFICATE OF SERVICE**

This is to certify that I have this date electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Assistant U.S. Attorney Mary Kruger
U.S. Dept. of Justice
75 Spring Street, S.W., Suite 600
Atlanta, Georgia 30303
Mary.kruger@usdoj.gov

Susan Kohn Ross
Mitchell Silberberg + Knupp LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90064-1683
skr@msk.com

Kyle G.A. Wallace
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
kyle.wallace@alston.com

Lawrence S. Burnat
Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street, Suite 800
Atlanta, Georgia 30309
(404) 681-3450
lburnat@SWFLLP.com

This 30th day of July, 2010.

                                                      */s/ Lesli N. Gaither*