IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,          :
                                   :   CIVIL ACTION
                  Plaintiff,       :
      v.                           :   NO. 1:09-CV-3371-JEC
                                   :
$5,282,495.03 SEIZED FROM          :
FIDELITY BANK ACCOUNT X-0691;      :
AND $1,100,957.44 SEIZED FROM      :
FIDELITY BANK ACCOUNT X-0878,      :
                                   :
                  Defendants.      :

## RESPONSE TO THE JOINT MOTION FOR PROTECTIVE ORDER BY CLAIMANTS MANSEF INC. AND PREMIUM SERVICES, LLC.

COMES NOW the United States of America, the Plaintiff in this matter, by and through Sally Quillian Yates, United States Attorney for the Northern District of Georgia, and Mary F. Kruger, Assistant United States Attorney, pursuant to Federal Rule of Civil Procedure 26(c)(1)(G), and files this Response to the Joint Motion for Protective Order by Claimants Mansef, Inc., and Premium Services, LLC (collectively "Claimants"). Plaintiff respectfully requests that the Court enter the Protective Order attached hereto, or in the alternative, refer the parties to a magistrate judge for a mediation of this matter so that a mutually agreeable protective order can negotiated.

## FACTS AND PROCEDURAL HISTORY

On October 9, 2009, agents of the United States Secret Service seized $5,282,495.03 from Fidelity Bank Account X-0691, held in the name of Premium Services, LLC, and $1,100,957.44 from Fidelity Bank

Account X-0878, also held in the name of Premium Services, LLC (hereafter, collectively, the "Defendant Funds"), pursuant to a seizure warrant issued in this district by the Honorable Magistrate Judge E. Clayton Scofield, III, upon a finding of probable cause that the Defendant Funds were property involved in a violation of 18 U.S.C. § 1960.  [See Seizure Warrant Numbers 1:09-MJ-1273 and 1:09-MJ-1274, N.D. Ga.].  On December 1, 2009, the United States filed a civil forfeiture complaint against the Defendant Funds. [Doc. at 1].  On January 21, 2010, Claimants each filed a claim to the Defendant Funds. [Doc. at 15, 18].

On February 23, 2010, pursuant to Supplemental Rule G(6), in an attempt to verify the standing of each Claimant to contest the forfeiture of the Defendant Funds, Plaintiff served Special Interrogatories on Claimants, in which Plaintiff requested information regarding Claimants' business practices and ownership of certain Internet websites. [Doc. at 29, 30].  Claimants responded to those Special Interrogatories, stating that they would provide the requested information only upon entry of a protective order.  The issue of a protective order has also arisen with regard to subsequent written discovery directed to the Claimants. Additionally, the Claimants have been unwilling to allow witnesses to answer certain questions when being deposed until a protective order is in place.

On March 30, 2010, Claimants submitted a proposed protective

order to the Plaintiff for its review; however, the order proffered by Claimants is overly complex and highly restrictive regarding access to information provided to the government.  In response, on May 7, 2010, the Government provided a proposed protective order to the Claimants, into which it is willing and able to enter.  A copy of that proposed protective order is attached hereto as Exhibit A.

Additionally, as it is relevant to the government's position regarding discovery in this matter, on April 21, 2010, the Honorable Magistrate Judge James K. Bredar of the United States District Court of Maryland, issued a seizure warrant for the same funds that are at issue in this litigation. [See Exhibit B].

<u>**ARGUMENT**</u>

Claimants have failed to prove with admissible evidence that the documents or information sought from the Claimants in this litigation are of the nature that requires the entry of a protective order; however, Plaintiff is agreeable to a limited protective order, and has attempted over the past several months to reach an agreement with Claimants regarding the proper terms and scope of such an order.  Plaintiff believes that its proposed protective order adequately protects the same type and quantity of information as that delineated in Claimants' proposed order, but does so in a manner that is much less confusing and convoluted than that proposed by Claimants, and furthermore does not place untenable restraints upon the Government in fulfilling its duty to

investigate this matter.  At the same time, however, in the interests of reaching a fair and prompt resolution of this issue, the Plaintiff is willing to attend a mediation with a magistrate judge, where the parties may advocate or oppose the specific terms at issue and can present any documents in camera to the magistrate that would require a protective order.

I.   **CLAIMANTS HAVE FAILED TO DEMONSTRATE GOOD CAUSE FOR THE ENTRY OF CLAIMANTS' PROPOSED PROTECTIVE ORDER**

According to Federal Rule of Civil Procedure 26(c)(1)(G), a court may enter a protective order if a party shows good cause why the order is necessary to prevent a "trade secret or other confidential research, development, or commercial information" from any disclosure or certain types of disclosure.

The party seeking a protective order under Rule 26(c)(1)(G) must demonstrate good cause to the court, which includes showing the court that the information meets the four common criteria for trade secrets: that Claimants "must have consistently treated the information as closely guarded secrets, that the information represents substantial value to [Claimants], that it would be valuable to [Claimants]' competitors, and that it derives its value by virtue of the effort of its creation and lack of dissemination." Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1313-14 (11th Cir. 2001).  The court then conducts a "common-law right of access balancing test," id. at 1313, to weigh one party's right to protect confidential material with the other party's right

4

of access to that information.

Thus, in this case, the Claimants bear the burden of demonstrating good cause for the entry of a protective order, more specifically, a protective order of the nature they are proposing. Claimants have failed to prove by affidavit, deposition, or other admissible evidence that the information sought here has been treated as a closely guarded secret, that the information represents substantial value to the Claimants, how such information would be valuable to competitors, or that such information derives value from being closely guarded. In addition to failing to support their arguments with any evidence, Claimants have failed to identify with specificity what documents or information should be protected. Claimants have identified discovery requests which they believe seek information that should be protected, but they have not identified by either privilege log or exhibit what documents or material are actually in their possession and require the entry of their proposed protective order. As no presentation has been made with regard to the specific documents or information at issue, it is impossible to determine that a highly-restrictive protective order is required.

With regard to the issue of protection of personal data under European Law, Directive 95/46/EC protects the privacy of European individuals by restricting the processing of personal data and requiring consent from the individuals before their information can

be disclosed or "otherwise ma[de] available." Directive 95/46/EC (30), Art. 1(1), and Art. 2(b).   However, the Directive makes several necessity exceptions, including processing of data due to "a legal requirement" or "performance of a task carried out in the public interest." [Doc. at 64-3, p. B-4, ¶(30)].   A response to discovery requests as a result of an investigation by the United States would fall into either the legal requirement or public interest categories, if not both.   Further, in this case, to date the Claimants have made anonymous any client data through redaction or the creation of customer numbers.   The United States has not objected to those redactions or alternations.   The fact that the information that has been provided is anonymous, weighs against the entry of a protective order.

Claimants also claim in their motion for a protective order that the prices they charge their clients should be included in the protective order material due to the "highly confidential" nature of that information. [Doc at 64, page 14].   However, such a statement defies common sense, as Claimants' prices could easily be discovered by industry competitors simply by visiting Claimants' websites or posing as potential customers. Therefore, Claimants have not shown good cause to include that information in the protective order material, despite Claimants' statements to the contrary.

## II.   CLAIMANTS' PROPOSED PROTECTIVE ORDER IS UNDULY BURDENSOME

The protective order submitted by Claimants as an attachment to their Motion for Protective Order is fundamentally unworkable, and does not take into account the reality that the Department of Justice cannot voluntarily agree to any order that shackles its ability to fulfill its obligation to enforce the laws of this country - both civil and criminal.  Of primary significance in that context is Claimants' insistence in their proposed protective order that the government is not permitted to share certain types of information - deemed at Claimants' discretion as "Attorneys-Eyes Only" - with the case agent, or with other agencies or departments of the United States.  Such a restraint is akin to a request for use immunity, a proposition rarely conferred in civil forfeiture cases.  See United States v. All Assets and Equipment of West Side Building Corp., 843 F.Supp. 377, 383 (N.D. Ill. 1993) (*aff'd in part and denied in part on other grounds*, 58 F.3d 1181 (7th Cir. 1995), *cert. den. sub nom.* Penny v. United States, 116 S.Ct. 698 (1996)); United States v. $506,641.00 in U.S. Currency, 1996 WL 78364, at *2 (N.D. Ill, 1996) (rejecting request by a claimant for a protective order marking testimony and/or documentary evidence about his business transactions as "attorneys' eyes only" and sealed, with distribution to other government agencies prohibited). Further, given the fact that another component of the Department of Justice and another federal agency outside this district are also

7

investigating issues pertaining to the source or potential intended use of the Defendant Funds, any prohibition on sharing of information about the Defendant Funds is problematic, as the government cannot be placed in a position to withhold information from itself.

Additionally, Claimants' proposed protective order is unnecessarily convoluted and complex, defining two separate categories of protected material ("Attorneys' Eyes Only" and "Confidential Information or Items"), with different categories of persons to whom each category of protected material may be shown. Plaintiff does not see good cause to further complicate the discovery process with subdivisions of protected information when a single "Protective Order Material" label would suffice. Furthermore, it is unclear from Claimants' Joint Motion and proposed protective order how exactly Claimants would go about distinguishing which material is "extremely sensitive" and which is merely "sensitive," which is the only distinction given for how protective order material would be categorized. Such a configuration is inimical to an orderly discovery process, and in fact is likely designed to engender confusion and disarray in the requesting party, who may fear sanction for a potential violation of the protective order, thereby thwarting the effective conduct of the justice system.

Also of significance, the Claimants demand that every person

who may potentially have access to material Claimants categorize as "Attorneys Eyes Only" - including the Court and its staff - must first execute an affidavit confirming his or her consent to be bound by the non-disclosure terms of Claimants' protective order, or risk contempt proceedings.  Such a proposition nearly impossible in dealings with the United States Attorney's Office, to say nothing of the United States District Court.

Simply put, the protective order proposed by the Claimants is unacceptable to the United States government in this, or any other, context.

## III.  THE GOVERNMENT IS WILLING TO SUBMIT TERMS OF PROTECTIVE ORDER TO A MAGISTRATE JUDGE FOR MEDIATION

As explained above, though the government strongly believes that the protective order it has proffered is fully adequate to protect the Claimants' confidential information from unauthorized public disclosure, it is willing to attend a mediation of this issue with a magistrate judge, in which the parties may advocate or oppose the specific terms at issue and present any documents in camera to the magistrate that would require a protective order. Thereafter, the magistrate judge may craft a protective order to address the parties' competing interests while accommodating the ends of justice.

Assignment of a non-dispositive pre-trial discovery dispute such as this falls squarely within the permitted powers and duties of federal magistrate judges found in 28 U.S.C. § 636, and is

9

clearly contemplated by Federal Rule of Civil Procedure 72 and Local Rule 72.1(A), N.D.Ga.  See also Vickers Motors, Inc. v. Wellford, 502 F.2d 967, 969 (6th Cir. 1974) ("28 U.S.C. § 636[] authorizes rules to permit magistrates to furnish assistance to a district judge in the conduct of pretrial or discovery proceedings in civil actions.") (internal citations omitted).  The government believes that such a mediation would be of assistance in resolving the remaining differences between the parties and reaching a mutually-agreeable protective order.

## CONCLUSION

Based on the arguments presented above, Plaintiff the United States of America respectfully requests that the Court enter the attached proposed Protective Order, or in the alternative, refer the dispute over terms of a protective order to a magistrate judge for mediation.

This 30th day of July, 2010.


                        Respectfully submitted,

                        SALLY QUILLIAN YATES
                        UNITED STATES ATTORNEY


                        /s/ Mary F. Kruger
                        MARY F. KRUGER
                        ASSISTANT U.S. ATTORNEY
                        GEORGIA BAR NO. 244607


                        75 Spring Street, SW
                        Atlanta, Georgia 30303
                        (404)581-6168
                        mary.kruger@usdoj.gov

11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 1:09-CV-3371-JEC |
| v. | : | |
| | : | |
| $5,282,495.03 SEIZED FROM | : | |
| FIDELITY BANK ACCOUNT X-0691; | : | |
| AND $1,100,957.44 SEIZED | : | |
| FROM FIDELITY BANK ACCOUNT | : | |
| X-0878, | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 30, 2010, I electronically
filed **RESPONSE TO THE JOINT MOTION FOR PROTECTIVE ORDER BY
CLAIMANTS MANSEF INC. AND PREMIUM SERVICES, LLC.** with the Clerk of
Court using the CM/ECF system, which will automatically send email
notification of such filing to the following attorney(s) of record:


Susan Kohn Ross                    Kyle G.A. Wallace
skr@msk.com                        kyle.wallace@alston.com

Lesli Nicole Gaither               Peter D. Coffman
lgaither@dowlohnes.com             pcoffman@dowlohnes.com

I also hereby certify that I have mailed the foregoing by United States Postal Service certified mail, return receipt requested, to the following non-CM/ECF participants:

> Andrew S. Ittleman
> Mitchell S. Fuerst
> Fuerst, Humphrey, Ittleman, PL
> Suite 2002
> 1001 Brickell Bay Drive
> Miami, Florida 33131


> Respectfully submitted,


> SALLY QUILLIAN YATES
> UNITED STATES ATTORNEY


> */s/ Mary F. Kruger*
> ASSISTANT U.S. ATTORNEY
> GEORGIA BAR NO. 244607
> 600 UNITED STATES COURTHOUSE
> 75 SPRING STREET, S.W.
> ATLANTA, GEORGIA 30303
> (404)581-6168 - PHONE
> (404)581-6234 - FAX
> Mary.Kruger@usdoj.gov